UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| LEE DEFALICO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>ALDRIDGE PITE HAAN, LLP,<br><br>        Defendant. | Case No.: 17-cv-568<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Lee Defalico is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him, a debt allegedly incurred for personal, family or household purposes.

5. Defendant Aldridge Pite Haan, LLP ("Aldridge") is a law firm with its principal offices located at 3575 Piedmont Road NE, Suite 300, Atlanta, GA 30305.

6. Aldridge is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Aldridge is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Aldridge is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about April 10, 2017, Aldridge mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Froedtert Hospital" ("Froedtert"). A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. Upon information and belief, Exhibit A is a form debt collection letter used by Americollect to attempt to collect alleged debts.

11. The alleged debt listed in Exhibit A was incurred for medical services.

12. With respect to the medical debt listed in Exhibit A, Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, Foredtert mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'").

13. Exhibit A was the first letter Aldridge sent to Plaintiff regarding this alleged debt.

14. Aldridge's letter as a whole is confusing and misleading to the unsophisticated consumer.

15. Exhibit A is printed on Aldridge's attorney letterhead with the firm's website address, which includes the word "law."

16. <u>Exhibit A</u> also refers to Aldridge as a law firm twice in the opening paragraph and references the attorneys at the law firm:

> This law firm represents **Froedtert Hospital**. Your account with **Froedtert Hospital** has been turned over to this law firm. No attorney at this firm has personally reviewed the circumstances of your account. You are indebted to **Froedtert Hospital** in the above amount.

17. <u>Exhibit A</u> falsely implies that an attorney was meaningfully involved in the collection of the accounts in April 2017.

18. The unsophisticated consumer, receiving a letter from a law firm, believes that that law firm has been hired to sue the consumer, and that an attorney is personally and professionally involved in the consumer's file.

19. The Seventh Circuit has stated: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir.1996).

20. "If a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file." *Id.*; *see also Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002); *Clomon v. Jackson,* 988 F.2d 1314, 1320-21 (2d Cir. 1993).

21. The Third Circuit has held that collection letters, from debt collection law firms, purporting to be "from an attorney" when there was no actual attorney involvement violated the FDCPA, even though the letters included an attempted disclaimer of attorney involvement. *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 995 (3d Cir. 2011).

22. Other Circuits have held that "a lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a 'debt collector' hat and not a 'lawyer' hat when sending out the letter."

23. Exhibit A does not include a "clear and prominent disclaimer" like the one discussed in *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 361-62 (2d Cir. 2005). The statement "No attorney at this firm has personally reviewed the circumstances of your account," is virtually identical to the language the Third Circuit rejected as a disclaimer in *Lesher*.

24. Upon information and belief, at the time Exhibit A was mailed to Plaintiff and the class, no attorney had assessed the validity of the alleged debts to the standards required of an attorney.

25. Aldridge is a high-volume debt collector.

26. Upon information and belief, from the time that consumer debts are placed with Aldridge for collection until the time that a legal complaint is drafted, the only employees of Aldridge who are directly involved in the collection process of consumer debts are non-attorneys.

27. Moreover, Aldridge is frequently engaged to send collection letters to consumers with no intent that Aldridge will ever file a lawsuit to collect the debt.

28. Upon information and belief, none of Aldridge's attorneys are licensed to practice in Wisconsin.

29. Upon information and belief, a significant portion of Aldridge's debt collection activities during that time period consists of computer-automated processes, including the sending of computer-generated form letters like Exhibit A.

4

30. Upon information and belief, at the time <u>Exhibit A</u> were mailed to Plaintiff and the class, no attorney at Aldridge had reviewed any documentation underlying the alleged debts, including but not limited to any contract, payment history or any other documents establishing or evidencing the alleged debts.

31. Upon information and belief, at the time <u>Exhibit A</u> was mailed to Plaintiff, no attorney at Aldridge had reviewed anything relating to Plaintiff's account. Instead, a computer or a non-attorney assistant at Aldridge or a third party mailing company generated and mailed <u>Exhibit A</u> as part of a batch of identical, except for personal information, form debt collection letters.

32. Upon information and belief, at the time <u>Exhibit A</u> were mailed to Plaintiff and the class, no attorney at Aldridge had exercised the professional judgment of an attorney that Plaintiff or any other class member was delinquent on his or her debt and a candidate for legal action, nor was any attorney at Aldridge meaningfully involved in the decision to send <u>Exhibit A</u> to Plaintiff and the class.

33. Upon information and belief, no attorney at Aldridge personally reviews each class member's collection letter in any meaningful sense, before the letter is mailed.

34. Upon information and belief, no attorney at Aldridge makes an individualized assessment of the class member's circumstances or liability, before <u>Exhibit A</u> is mailed to each class member.

### ***The FDCPA***

35. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. 15 U.S.C. § 1692e(3) specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney."

37. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

38. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

39. Plaintiff was confused by Exhibit A.

40. The unsophisticated consumer would be confused by Exhibit A.

41. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

42. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

43. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill.

6

Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

44. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

## COUNT I – FDCPA

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. Exhibit A creates the false impression that an attorney at Aldridge had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and Exhibit A itself, and "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letters were mailed to Plaintiff and class members.

7

47. Before mailing Exhibit A to Plaintiff and the class, no attorney at Aldridge had any meaningful involvement with Plaintiff's or class members' alleged debts or the letters. *Avila*, 84 F.3d at 229; *Nielsen*, 307 F.3d at 635.

48. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10), and 15 U.S.C. § 1692f.

## CLASS ALLEGATIONS

49. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent an initial collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between April 20, 2016 and April 20, 2017, inclusive, (e) that was not returned by the postal service.

50. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

51. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

52. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

53. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

54. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

55. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 20, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com