UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| LEE DEFALICO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALDRIDGE PITE HAAN, LLP,<br><br>Defendant. | Case No.: 17-cv-568 |

**PLAINTIFF'S RULE 7(H) EXPEDITED, NON-DISPOSITIVE MOTION FOR CLASS CERTIFICATION AND RELIEF FROM MEMORANDUM, SUPPORTING DOCUMENTS, AND AUTOMATIC BRIEFING REQUIREMENTS**

Plaintiff Lee Defalico ("Plaintiff") respectfully moves the court to certify the class described in the complaint, and further requests that this Court both stay the motion for class certification and to grant Plaintiff (and Defendant) relief from the Local Rules setting automatic briefing schedules and requiring briefs and supporting material to be filed with the motion. Civil L.R. 7(a), 7(d). In support of this motion, Plaintiff states:

1. *Dicta* in the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, left open the possibility that a defendant facing a class action complaint could moot a class representative's case by depositing funds equal to or in excess of the maximum value of the plaintiff's individual claim with the court and having the court enter judgment in the plaintiff's favor prior to the filing of a class certification motion. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016).

2. To avoid the risk of a defendant mooting a putative class representative's individual stake in the litigation, the Seventh Circuit instructed plaintiffs to file a certification motion with the complaint, along with a motion to stay briefing on the certification motion.

1

*Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), *overruled on other grounds,* *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) ("The pendency of that motion [for class certification] protects a putative class from attempts to buy off the named plaintiffs.").

3. Plaintiff is obligated to move for class certification to protect the interests of the putative class. More than one defendant has already attempted the scheme contemplated in *Campbell-Ewald*. *See Severns v. Eastern Account Systems of Connecticut, Inc.*, Case No. 15-cv-1168, 2016 U.S. Dist. LEXIS 23164 (E.D. Wis. Feb. 24, 2016). Judge Randa denied the defendant's request to deposit funds on grounds that a class certification motion was pending. *Id.*

4. Further, Plaintiff respectfully requests that the Court grant Plaintiff (and also Defendants) relief from the automatic briefing schedule set forth in Civil L.R. 7(a)-7(c), and also relief from the requirements in Civil L.R. 7(a) that a memorandum and supporting documents be filed with this motion. (Civil L.R. 7(a), 7(d)).

5. Civil L.R. 7(a) requires that plaintiffs submit "a supporting memorandum and, when necessary, affidavits, declarations, or other papers" with the motion, and also sets an automatic briefing schedule when any motion is filed. Civil L.R. 7(d) provides that failure to provide the briefs and supporting material with a motion are grounds to deny the motion.

6. As this motion to certify a class is a placeholder motion as described in *Damasco*, the parties and the Court should not be burdened with unnecessary paperwork and the resulting expense when short motion to certify and stay should suffice until an amended motion is filed.

7. The Court has the discretion and authority to modify the standard motion practice schedule and requirements. Civil L.R. 7(g) ("The Court may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.)

WHEREFORE, Plaintiff respectfully requests that this Court enter an order certifying the proposed class in this case, appointing the Plaintiff as its representative, and appointing Ademi & O'Reilly, LLP as its Counsel, and for such other and further relief as the Court may deem appropriate. Plaintiff further requests that the Court stay this class certification motion until an amended motion for class certification is filed, and that the Court grant the parties relief from the local rules' automatic briefing schedule and requirement that Plaintiff file a brief and supporting documents in support of this motion.

Dated: March 10, 2017

Respectfully submitted,

/s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com