UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE DEFALICO, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

v.

        17-CV-568-JPS

ALDRIDGE PITE HAAN, LLP,

        Defendant.

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

Defendant, Aldridge Pite Haan, LLP, ("APH"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby moves to dismiss Plaintiff's Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), and submits the following memorandum of law in support of its motion.

### INTRODUCTION AND SUMMARY

Plaintiff pursues this claim alleging a collection letter sent to him by APH was in violation of the Fair Debt Collection Practices Act ("FDCP") in that it was "confusing" and "create[d] a false impression that an attorney at [APH] had personally reviewed the circumstances" of Plaintiff's debt. *See Complaint* [Doc. 1], ¶¶ 39-40, 46. However, Plaintiff does not allege any factual basis for APH (or this Court) to understand how a typical, unsophisticated consumer would be confused by the letter's wording, in light of the clear and conspicuous disclaimer in the letter stating that no attorney had personally reviewed the circumstances of the account. Rather, the allegations fail to support any contention that APH

violated the FDCP. Even accepting as true all of the Complaint's factual allegations and drawing all reasonable inferences in Plaintiff's favor, the facts simply do not support a finding that APH committed any violation of the FDCP. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). For these reasons, APH asks this Court to dismiss Plaintiff's complaint *with prejudice*.

## ALLEGATIONS OF PLAINTIFF'S COMPLAINT AND EXHIBIT

In his Complaint, the Plaintiff alleges APH violated certain provisions of the FDCP because a letter he received from APH on April 10, 2017 (hereinafter "the Letter") was, "confusing and misleading", "falsely implies that an attorney was meaningfully involved in the collection" of debt, does not "include a 'clear and prominent disclaimer'" that an attorney was not personally involved, used a "false representation or deceptive means to collect or attempt to collect [the] debt", and was an "unfair or unconscionable means to collect or attempt to collect [the] debt." *See Complaint* [Doc. 1], ¶¶ 14, 17, 23, 37-38. Based upon these bare conclusions, Plaintiff contends that APH violated 15 U.S.C. § 1692e, generally, and 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f, specifically. *See Complaint* [Doc. 1], ¶¶ 36-38.

In the header of the Letter, APH identifies itself, "Aldridge Pite Haan LLP," and includes APH's address, website, and phone number. *Id.* The Letter's header also provided the following information:

>     Re:   Froedtert Hospital
>           Account Number(s): [portion redacted by Plaintiff] 4608
>           Amount of the Debt: $21,430.40
>           APH File Number: [portion redacted by Plaintiff] 1836

*Id.*
Further, below the header, the Letter states:

> Dear Sir/Madam:
>
> This law firm represents Froedtert Hospital. Your account with Froedtert Hospital has been turned over to this law firm. **No attorney at this firm has**

2

> **personally reviewed the circumstances of your account**. You are indebted to Froedtert Hospital in the above amount.
>
> *    *    *
>
> Please contact this office if you wish to discuss a payment arrangement or resolution of this debt of if you have any questions regarding this matter. Any correspondence or payment on this account should be mailed to the above address with the APH File Number noted thereon.

*Id.* (Emphasis added).

The Letter also provides this information relative to the nature of the contents of the communication:

> **Notice pursuant to Fair Debt Collection Practices Act** (15 U.S.C. Sec. 1692 et seq.): Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by the debt collector. If you notify this law firm in writing within the thirty (30) day period that this debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and mail you a copy of the verification of this debt or, if applicable, a copy of judgment. Upon your written request within the thirty (30) day period, we will also mail you with the name and address of the original creditor, if different from Froedtert Hospital.

*Id.* (Emphasis in original).

The Letter also indicates the "purpose of this communication is to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. Your cooperation is appreciated. *Id.* The Letter is not signed by any individual attorney. The name "ALDRIDGE PITE HAAN, LLP" was printed as a signature block at the close of the document. *Id.*

In the Complaint, the Plaintiff alleges the above language was confusing, in that it "falsely implies that an attorney was meaningfully involved in the collection of the accounts in April 2017." Compl.¶ 17. The Plaintiff alleges he had to "spend time and money investigating [the Letter], and the consequences of any potential responses to [the Letter]." *Id.* at ¶ 41. As is outlined below, this is an objectively unreasonable response to the Letter, and in no instance can

3

Plaintiff demonstrate that a significant portion of the population would find the Letter confusing, particularly in light of the clear and prominent disclaimer language contained in the body of the Letter with regard to any attorney involvement. *See Taylor v. Cavalry Inv. LLC*, 365 F.3d 572, 574-575 (7th Cir. 2004); *Greco v. Trauner, Cohen & Thomas, LLP,* 412 F.3d 360 (2nd Cir. 2005). For this reason, the Complaint fails to state a claim upon which relief may be granted, and should therefore be dismissed.

## ARGUMENT

The Federal Rules of Civil Procedure § 12(b)(6) requires dismissal if a plaintiff fails to state a claim upon with relief can be granted. Legal conclusions asserted in a complaint are not accepted, and legal conclusions are insufficient to withstand a motion to dismiss. *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015). A plaintiff need not provide detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).

With respect to allegations of violations of the FDCP contained in a dunning letter, as here, the Seventh Circuit applies the "unsophisticated consumer" test, and has rejected the "least sophisticated consumer" test. *Gammon v. GC Services Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994). Under this unsophisticated consumer test, "if it is apparent from a reading of a [collection] letter that not even a significant fraction of the population would be mislead by it – if… the interpretation attested to by the plaintiff is a 'fantastic conjecture' – the court should reject it without requiring evidence beyond the letter itself." *Taylor*, 365 F.3d at 574-575 (citation omitted); *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (noting that any document can be misread and the FDCP is not violated by a dunning letter that is susceptible to

"an ingenious misreading"); *see also Velazquez v. Fair Collections & Outsourcing, Inc.*, No. 12 C 04209; 2013 WL 4659564 (N.D. Ill. August 30, 2013) (dismissing claim on motion to dismiss where the letter was clear on its face). Indeed, even where a plaintiff swears under oath that he was mislead by a collections letter (a fact we do not yet have here), the case can only be maintained where a "judge reading the letter reasonably concludes that it could well confuse a substantial number of recipients." *Taylor*, 365 F.3d at 575.

Thus, the case law clearly indicates that where a violation of the FDCP is alleged regarding a collection letter, the Court can effectively serve as a gatekeeper in order to make an initial determination as to whether anyone reasonably could be mislead by that letter. If the answer is "no," this Court must dismiss the case for failure to state a claim under F.R.Civ.P. 12(b)(6).

In his Complaint, Plaintiff alleges APH violated 15 U.S.C. § 1692e, § 1692e(3), § 1692e(10), and § 1692f. Because Plaintiff cannot establish the Letter would mislead a significant fraction of the population, his Complaint should be dismissed as a matter of law.

I. **PLAINTIFF CANNOT SUCCEED ON A CLAIM THAT APH VIOLATED ANY PORTION OF 15 U.S.C. § 1692e, BECAUSE HE DOES NOT ALLEGE FACTS SUPPORTING HIS GENERAL CONTENTION.**

Plaintiff claims that APH generally violated 15 U.S.C. § 1692e, without identifying the actual component of this section of the statute. (Compl. ¶ 35, 48). This section of the statute mandates that debt collectors avoid pursuing debt through the use of false, deceptive, or misleading representations. Specifically, 15 U.S.C. § 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

**(2)** The false representation of--

    **(A)** the character, amount, or legal status of any debt; or

    **(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

**(3)** The false representation or implication that any individual is an attorney or that any communication is from an attorney.

**(4)** The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

**(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.

**(6)** The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to--

    **(A)** lose any claim or defense to payment of the debt; or

    **(B)** become subject to any practice prohibited by this title [15 USCS §§ 1692 et seq.].

**(7)** The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

**(8)** Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**(9)** The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

- **(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

- **(12)** The false representation or implication that accounts have been turned over to innocent purchasers for value.

- **(13)** The false representation or implication that documents are legal process.

- **(14)** The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

- **(15)** The false representation or implication that documents are not legal process forms or do not require action by the consumer.

- **(16)** The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 603(f) of this Act [15 USCS § 1681a(f)].

15 U.S.C.S. § 1692e.

The above is a complete recitation of the entirety of § 1692e, for this Court's reference. Given the dearth of information in Plaintiff's Complaint about the specific nature of the alleged violation of this provision of the FDCP, APH is left to guess at which sections it purportedly violated (other than the specifically listed sections of 1692e(3) and 1692e(10) discussed *infra*). Initially, this aspect of Plaintiff's pleading requires dismissal as APH is presently left to guess how it purportedly violated any or all of the entirety of § 1692e. *See* F.R.Civ.P Rule 8(a)(2) (pleading must provide notice of the nature of the claims asserted).

## II. PLAINTIFF CANNOT SUCCEED ON A CLAIM THAT APH VIOLATED ANY OTHER SECTIONS OF 15 U.S.C. 1692 EITHER.

### A. PLAINTIFF CANNOT SUCCEED ON A CLAIM THAT APH VIOLATED 15 U.S.C. § 1692E(3).

Plaintiff alleges that APH violated 15 U.S.C. § 1692e(3), which prohibits "the false representation or implication that any individual is an attorney or that any communication is from any attorney." Specifically, Plaintiff claims that because the Letter is printed on the APH firm's letterhead, and the opening paragraph uses the words "law firm" twice, the Letter is confusing and "falsely implies that an attorney was meaningfully involved in the collection of the accounts." Compl. ¶ 16-17. However, Plaintiff cannot succeed on this claim because, as a matter of law, the Letter was not misleading in its representation of attorney involvement, as it contained a clear and prominent disclaimer in the body of the Letter that an attorney had not personally reviewed the account, and therefore even an unsophisticated consumer would not be confused or misled.

As discussed above, in the Seventh Circuit, claims under Section 1692e are analyzed under the unsophisticated consumer standard. *Gammon,* 27 F.3d at 1257. The unsophisticated consumer "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). Thus, the court must ask whether a "person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding, LLC,* 5050 F.3d 769, 774 (7th Cir. 2007). However, the "standpoint is not that of the *least* intelligent consumer in this nation of 300 million people." *Id.* In so holding, the Seventh Circuit has specifically rejected the "least sophisticated consumer" test used by other

circuits, holding that the "least sophisticated consumer" test contemplates the "very last rung on the sophistication ladder." *Gammon,* 27 F.3d at 1257.

Using the lower "least sophisticated consumer" test, the Second Circuit, in a case similar to the one at bar, held that a debt collection letter from a law firm did not constitute any type of misrepresentation under the FDCP. *Greco,* 412 F.3d at 360. In *Greco,* the Plaintiff received a debt collection letter from the defendants, a law firm. The letter specifically stated that "this office represents that above named Bank of America," and "at this time, no attorney with this firm has personally reviewed the particular circumstances of your account." *Id.* at 361. The letter in question was not signed by an individual attorney, but the law firm's name was printed as a signature block. *Id.* at 362. Additionally, the letter stated that if the Plaintiff "fail[ed] to contact this office, our client may consider additional remedies to recover the balance due." *Id.* at 361.

The *Greco* plaintiff filed suit against the law firm, asserting that the letter misleadingly represented the level of attorney involvement, thereby violating the FDCP's ban on (1) deceptive practices in connection with debt collection (§ 1692e); (2) falsely representing that an individual is an attorney (§ 1692e(3)); and (3) deceptive means to collect a debt ((§ 1692e(10)). The plaintiff's primary argument was that the law firm violated the FDCP "by sending a debt collection letter, signed by the law firm and on law firm stationary, thereby implying that the firm has analyzed the debtor's case and has rendered legal advice to the creditor concerning the case." *Id.* at 363.

In determining that the FDCP was not violated, the Second Circuit noted that the letter in question included a clear disclaimer explaining the limited extent of the law firm's involvement in the collection of the plaintiff's debt. *Id.* at 365. Specifically, the letter stated "at this time, no

9

Case 2:17-cv-00568-JPS   Filed 06/01/17   Page 9 of 13   Document 14

attorney with this firm has personally reviewed the particular circumstances of your account." In applying the least sophisticated consumer standard, the Second Circuit ruled as follows:

> In light of the disclaimer, we agree with the district court that the least sophisticated consumer, upon reading this letter must be taken to understand that no attorney had yet evaluated his or her case, or made recommendations regarding the validity of the creditor's claims. Accordingly, the district court was correct to conclude, as a matter of law, that the defendants had not used any "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including the "false representation or implication that any individual is an attorney or that any communication is from an attorney," 15 U.S.C. § 1692e(3), with meaningful involvement as an attorney in the debtor's case.

*Id.* at 365.

The situation presented in *Greco* is identical to the situation presented in this case. In Plaintiff's Complaint, he alleges that APH (1) falsely represented or implied that its communication was from an attorney in violation of 15 U.S.C. § 1692e(3) and (2) APH used false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10). The Letter in question stated that "[n]o attorney at this firm has personally reviewed the circumstances of your account," which is almost identical to the language found in *Greco,* which the Second Circuit found was not deceptive or misleading under the FDCP. *See Ex. A, see also Greco,* 412 F.3d at 361.

Contrary to Plaintiff's assertions in his Complaint, the Letter did not violate the FDCP because it contained a clear and prominent disclaimer informing Plaintiff that no attorney had reviewed his account. Under the unsophisticated consumer standard (which attributes even more knowledge to the consumer than the least sophisticated consumer standard used in *Greco)*, this disclaimer is sufficient to put Plaintiff on notice that no attorney had yet evaluated his case or made recommendations regarding the validity of the debt. This is the exact situation set forth in *Greco* wherein the Second Circuit held that this conduct did not constitute false and misleading

practices under the FDCP. Furthermore, unlike the letter in *Greco,* this Letter contains *no* reference to "additional remedies" or any future legal action, making this Letter even less potentially confusing than the *Greco* letter.

Plaintiff's citation to *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 995 (3d Cir. 2011) is unpersuasive as *Lesher* is distinguishable from the case at hand. Compl. ¶ 21. Plaintiff alleges that the Third Circuit has rejected the disclaimer that "no attorney at this firm has personally reviewed the circumstances of your account." Compl. ¶ 23. However, in *Lesher,* the Third Circuit held that it was not the *language* of the disclaimer that was insufficient, but rather, the *placement* of the disclaimer, which was on the back of the letter and therefore "effectively mitigated the impression of attorney involvement." *Lesher,* 650 F.3d at 1003, fn 3. In this case, the disclaimer language contained in the Letter and approved by *Greco* is, unlike the disclaimer in *Lesher,* printed on the front of the Letter in the body of the text. Therefore, the reasoning of *Lesher* is inapplicable to this case.

To accept Plaintiff's claim that the clear and unambiguous language contained in the Letter confused him, caused him to believe that APH had been hired to sue him, and caused him to incur time and cost to confer with an attorney to consider the consequences of the letter, is to accept an interpretation that is based wholly and inappropriately on Plaintiff's conjecture of what might have happened in the future. Compl. ¶ 18. This is an "ingenious misreading" of this Letter on Plaintiff's part, as nothing in the letter states or suggests that an attorney had reviewed the debt and would file suit against him, and in fact, the Letter explicitly states that an attorney has *not* reviewed the debt. Because as the Court in *Wahl* noted, the "unsophisticated consumer isn't a dimwit", there is no basis for Plaintiff's claim that some fantastic conjecture might confuse a typical, unsophisticated consumer, such that the clear and forthright language in APH's Letter is

either misleading or confusing, subjecting APH to liability under the FDCP. *See Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 644 (7th Cir. 2009). As such, Plaintiff's claim must be dismissed.

### B. PLAINTIFF CANNOT SUCCEED ON A CLAIM THAT APH VIOLATED 15 U.S.C. § 1692E(10).

Plaintiff also alleges that the Letter violated 15 U.S.C. 1692e (10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." As above, Plaintiff offers <u>no facts</u> to support his assertion that either (1) APH used deception in the Letter to collect any debt; or (2) that APH used deception to obtain information concerning a consumer. Rather, as noted above, Plaintiff <u>only</u> claims potential confusion arising out of the use of the APH letterhead and use of the words law firm. Since Plaintiff does not provide a factual basis for any deception in his Complaint regarding APH'S effort to collect a debt from him, and because, as above, this Court can determine on the face of the Letter that the use of the letterhead and words law firm is neither deceptive, nor confusing, Plaintiff's claim for damages under 15 U.S.C. 1692e(10) is likewise deficient and Plaintiff's Complaint regarding this section should be dismissed for failure to state a claim per F.R.Civ.P 12(b)(6).

### C. PLAINTIFF CANNOT SUCCEED ON A CLAIM THAT APH SERVICES VIOLATED 15 U.S.C. § 1692F.

Lastly, Plaintiff alleges APH's Letter violated 15 U.S.C. § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." The section of the statute generally specifies conduct that falls within this description, including acceptance of post-dated checks, charging for communications between the debt collector and debtor, threatening

nonjudicial action, and other prohibitions that are clearly inapplicable to the Letter issued in this case. *See* 15 U.S.C. § 1692f.

Plaintiff has not alleged any facts to support his claim that APH violated any provision of 15 U.S.C. § 1692f. There is no allegation that APH's conduct included any of the proscribed activities in that section. Plaintiff's blanket statement that "[APH] violated 15 U.S.C. § … 1692f" cannot withstand a motion to dismiss without factual allegations supporting such a claim. *See Complaint* [Doc. 1], ¶ 38, 48; FRCP 12(b)(6); *Twombly*, 550 U.S. 544. Having provided no such factual allegations, Plaintiff's claim that APH violated 15 U.S.C. § 1692f fails as a matter of law. Again, the lack of any factual support for Plaintiff's claims mandates dismissal of this aspect of Plaintiff's Complaint as well.

## CONCLUSION

For the reasons outlined herein, APH asks this Court to dismiss Plaintiff's Complaint in its entirety based upon F.R.Civ.P. Rule 12(b)(6). The dearth of any factual allegations and this Court's review of the disclaimer language in the Letter should demonstrate, as a matter of law, that APH's Letter, as opposed to the conclusions and conjecture offered in Plaintiff's Complaint, demonstrate that APH has not violated the Fair Debt Collections Practices Act.

Dated this 1st day of June, 2017

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*s/ Christina A. Katt*
Christina A. Katt
State Bar No. 1073979
Attorneys for Aldridge Pite Haan, LLP
740 N. Plankinton Avenue, Suite 600
Milwaukee, WI 53203
Phone: 414-276-8816
Fax: 414-276-8819
Email: Christina.katt@wilsonelser.com