UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| LEE DEFALICO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>ALDRIDGE PITE HAAN, LLP,<br><br>        Defendant. | Case No.: 17-cv-568<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hon. J.P. Stadtmueller |

Plaintiff Lee Defalico, through counsel, submits the following brief in opposition to Defendant Aldridge Pite Haan, LLP's ("Aldridge") motion to dismiss.

## INTRODUCTION

Plaintiff filed a complaint alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff alleged that Aldridge mailed Plaintiff and a class of similarly situated individuals a debt collection letter that created the false impression that an attorney at Aldridge had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and the letter at issue itself and reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action, at the time that the letters were mailed to Plaintiff and class members. However, upon information and belief, before mailing the letters to Plaintiff and the class, no attorney at Aldridge had any meaningful involvement with Plaintiff's or class members' alleged debts or the letters. As such, the letter is confusing and misleading to the unsophisticated consumer and violates 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10), and 15 U.S.C. § 1692f. (Compl., Exhibit A).

1

Aldridge has filed a motion to dismiss. (*See* Aldridge's Brief in Support of Motion to Dismiss ("Def. Br.")) Aldridge's arguments are wholly without merit and should be denied. The letter violates the FDCPA and is confusing, deceptive, misleading, and false as a matter of law. For these reasons, the motion to dismiss should be denied.

## FACTUAL BACKGROUND

Plaintiff Lee Defalico is an individual who resides in the Eastern District of Wisconsin (Milwaukee County). (Complaint ("Compl.") ¶ 3.) Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt incurred for personal, family or household purposes. (Compl. ¶¶ 4, 8, 11). Defendant Aldridge is a debt collector who mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Froedtert Hospital" ("Froedtert"). (Compl. ¶ 8, Ex. A). Aldridge's letter is printed on Aldridge's attorney letterhead with the firm's website address, which includes the word "law." (Compl. ¶ 3, Ex. A). The letter also refers to Aldridge as a law firm twice in the opening paragraph and references the attorneys at the law firm:

> This law firm represents **Froedtert Hospital**. Your account with **Froedtert Hospital** has been turned over to this law firm. No attorney at this firm has personally reviewed the circumstances of your account. You are indebted to **Froedtert Hospital** in the above amount.

(Compl. ¶ 4, Ex. A). Thus, the letter falsely implies that an attorney was meaningfully involved in the collection of the accounts in April 2017. (Compl. ¶ 6, Ex. A). The letter is confusing and deceptive as a matter of law. Consequently, Aldridge's motion to dismiss is without merit and should be denied.

## ARGUMENT

I. **LEGAL STANDARDS**

    A. **Standard On A Motion To Dismiss**

A claim for relief must be supported by "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). A court must "accept as true all well-pleaded facts alleged, drawing all possible inferences in the plaintiff's favor." *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but must only exhibit "facial plausibility" by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs are not required to prove their case at the pleading stage. *Brooks*, 578 F.3d at 580-81; *In re: Text Messaging Antitrust Litig.*, 630 F. 3d 622, 629 (7th Cir. 2010).

> B.   **FDCPA Standards**

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors," whether or not there is a valid debt. 15 U.S.C. § 1692(e); *Mace v. Van Ru Credit Corp.,* 109 F.3d 338 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods and any false, deceptive or misleading statements in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692e, 1692f and 1692g. Plaintiffs need not prove intent, bad faith or negligence in an FDCPA case. The FDCPA is a strict liability statute. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004); *Ross v. Aldridge Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007).

Whether a debt collector's conduct violates the FDCPA is judged from the standpoint of a hypothetical "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP,* 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is objective— whether the plaintiff or any class members were misled is not an element of a cause of action. *Bartlett,* 128 F.3d at 499; *Beattie v. D.M. Collections Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991).

The Seventh Circuit treats claims that a debt collection letter is false, confusing, or misleading as a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion. *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 775-76 (7th Cir. 2007) ("Other circuits, perhaps less kindly disposed to survey evidence than we, treat the deceptive character of a debt collector's communication as a question of law, so that if the communication is not deceptive on its face, the plaintiff is forbidden to try to show that it would be likely to deceive a substantial number of its intended recipients. We disagree with that position."); see also *McMillan v. Collection Professionals*, 455 F. 3d 754, 759 (7th Cir. 2006) ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects."); *see also Muha v. Encore Receivable Mgmt.*, 558 F.3d 623, 628 (7th Cir. 2009) (extrinsic evidence in forms other than a survey is permissible).

Further, the Seventh Circuit has enumerated three categories of FDCPA cases alleging false or deceptive statements: 1) statements that are plainly not misleading or deceptive on their face (summary judgment for Defendant); 2) statements that are not plainly misleading or

4

deceptive but might possibly mislead or deceive the unsophisticated consumer (extrinsic evidence necessary); and 3) statements that are plainly deceptive communications (summary judgment for plaintiff without extrinsic evidence)). *Ruth v. Triumph P'Ships*, 577 F.3d 790, 800-01 (7th Cir. 2009).

Generally, all a plaintiff must do to survive a motion to dismiss a complaint alleging an FDCPA violation is to allege that the debt collector's letter is confusing. *Walker v. National Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999) ("How a particular notice affects its audience is a question of fact, which may be explored by testimony and devices such as consumer surveys."); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) ("A contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)."); *see also Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000) ("a FDCPA complaint states a legal claim, and therefore a FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing…[such a complaint is] legally sufficient [if] 'it [is] possible to imagine evidence consistent with the allegations of the complaint that would establish confusion.'" (quoting *Walker*, 200 F.3d at 503)); *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998).

The only possible exceptions to the rule are specified in *Evory*:

A plaintiff might rest on the text of the communication, and have no other evidence to offer, and then if there was nothing deceptive-seeming about the communication the court would have to dismiss the case. *Taylor v. Cavalry Investment, L.L.C., supra*, 365 F.3d at 574-75 ("if it is apparent from a reading of the letter that not even 'a significant fraction of the population' would be misled by it. . ., the court should reject it without requiring evidence beyond the letter itself"); *McMillan v. Collection Professionals, Inc., supra*, 455 F.3d at 760 ("undoubtedly, there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the

5

wording of the communication in a manner that will violate the statutory provision"). Or the defendant might have used clear statutory language, as in *Jang v. A.M. Miller & Associates,* 122 F.3d 480, 483-84 (7th Cir. 1997), or our safe-harbor language. There might also be a case in which a false or deceptive statement clearly was immaterial, as in *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 738-40 (7th Cir. 2004); see also *Pettit v. Retrieval Masters Creditors Bureau, Inc., supra*, 211 F.3d at 1060-62, or was clarified elsewhere, as in *McStay v. I.C. System, Inc.*, 308 F.3d 188, 191 (2d Cir. 2002), or in which a statement claimed to be false was obviously true, as in *Taylor v. Cavalry Investment, L.L.C., supra*, 365 F.3d at 575-76.

*Evory*, 505 F.3d at 776-77. The standard for finding that a debt collection letter complies with the FDCPA as a matter of law at the pleading stage is an extremely heavy burden for a defendant to meet. *McMillan*, 455 F.3d at 759. Only when it is absolutely obvious that language complies with the statute can a confusion claim be dismissed at the pleading stage. *Evory*, 505 F.3d at 776-777.

## II. CLAIMS CAN BE BROUGHT UNDER §1692e AND § 1692f WITHOUT SPECIFYING A SUBSECTION.

Defendant argues that it does not have notice of what Plaintiff's claims are because Plaintiff brought a claim under §1692e. Def. Br. 5-7. Defendant lists every subsection of §1692e in full. Def. Br. 6-7. Defendant then argues, "this aspect of Plaintiff's pleading requires dismissal as APH is presently left to guess how it purportedly violated any or all of the entirety of § 1692e." Def. Br. at 7. In other words, Defendant argues that Plaintiff must fit his claim into one of the specific subsections of § 1692e, or he fails to state a claim. This is counter to binding Seventh Circuit precedent, which specifically holds that the "specific prohibitions" to which Defendant refers are not exhaustive, and the FDCPA permits claims to be brought under the general prohibition found in § 1692e:

> Section 1692e states that a debt collector cannot use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute also enumerates *a non-exhaustive list* of

6

specific practices that are per se 'false or misleading.' . . . Ms. McMillan submits that CPI's letter questioning her honesty was false or misleading, in violation of the general prohibition found in § 1692e . . . By calling into question a debtor's honesty and good intentions simply because a check was dishonored, a collection letter may be making a statement that is false or misleading to the unsophisticated consumer. Therefore, Ms. McMillan has stated a § 1692e claim sufficient to survive a Rule 12(b)(6) motion.

*McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 760-62 (7th Cir. 2006) (emphasis added).

The same is true for § 1692f:

Section 1692f, like § 1692e, states a general prohibition on using "unfair or unconscionable means to collect or attempt to collect any debt." The provision then lists eight specific violations "without limiting the general application" of the statute. CPI submits that its conduct was not "unfair or unconscionable" because it did not utilize any of the eight specifically barred practices in § 1692f, nor did it "do anything remotely similar to any of these practices." However, as the statute states explicitly, the listing of eight specific violations was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior.

*Id.* at 763-64.

Thus, Defendant is simply incorrect that claims cannot be brought under §§ 1692e and 1692f. Defendant's motion to dismiss should be denied.

### III. PLAINTIFF PROPERLY ASSERTED CLAIMS UNDER 15 U.S.C. §§ 1692e(3) 1692e(10) and 1692f.

#### A. §1692e(3)

Defendant argues that Plaintiff fails to state a claim under §1692e(3) because its letter included the following disclaimer: "No attorney at this firm has personally reviewed the circumstances of your account," which tracks the disclaimer language used in *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 361 (2d Cir. 2005): "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account." However, this

7

language was held to be insufficient in *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 995 (3d Cir. 2011), a case that relied on Seventh Circuit precedent to reach its conclusion. Thus, as explained by the court in *Lesher*, this language does not meet the standards set forth in binding Seventh Circuit precedent. Defendant's letter violates the FDCPA as a matter of law, and its motion to dismiss should be denied.

In *Lesher*, the debt collection letter at issue was printed on the law firm's letterhead, which included the words "Law Offices of Mitchell N. Kay, P.C." in large characters at the top of the page. The back of the letter included the following two notices:

> This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.
> At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account.

*Id.* The court affirmed the district court's ruling, finding that these disclaimers were insufficient, and that the letters violated § 1692e's prohibition against false, deceptive, or misleading communications because the letter falsely implied than an attorney was involved in collecting the debt. *Id.* at 1003.

The insufficient disclaimers in *Lesher* are almost identical to the disclaimers used by Aldridge. The disclaimers used by Aldridge were the following:

> No attorney at this firm has personally reviewed the circumstances of your account.
> . . .
>
> The purpose of this communication is to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. Your cooperation is appreciated.

8

(Compl; Ex. A). Clearly, the disclaimers that were found to be insufficient in *Lesher* are virtually identical to the disclaimers used by Aldridge. Defendant attempts to distinguish *Lesher* on the grounds that the holding was based not on the language of the disclaimer but rather the placement of the disclaimer on the back of the letter and, as such, *Lesher* is inapplicable to the instant case: "the Third Circuit held that it was not the *language* of the disclaimer that was insufficient, but rather, the *placement* of the disclaimer, which was on the back of the letter." Def. Br. at 11 (emphasis in original). This is untrue; Defendant mischaracterizes the reasoning in *Lesher*. *Lesher* clearly explained that the language failed to make clear that the law firm was not acting in any legal capacity:

> Nor do we believe that the disclaimers included in the letters, which are printed on the backs, make clear to the least sophisticated debtor that the Kay Law Firm is acting solely as a debt collector and not in any legal capacity in sending the letters. First, in our view, the statement that "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account" does little to clarify the Kay Law Firm's role in collecting the debt because it completely contradicts the message sent on the front of the letters—that the creditor retained a law firm to collect the debt.

*Lesher*, 650 F.3d at 1003. The fact that the disclaimers were printed on the backs of the letters is noted by the court, but the bulk of the analysis is clearly rooted in the language of the disclaimer. It is also notable that the district court decision that the Third Circuit affirmed, expressly disclaimed any reliance on the placement of the disclaimer language. *Lesher v. Law Office of Mitchell N. Kay, P.C.*, 724 F. Supp. 2d 503, 508 (M.D. Pa. 2010), *affirmed,* 650 F.3d 993 (3d. Cir. 2011) ("In our view, the location of that language within the letter is not a factor of prominent importance. In our view, that language does not mitigate the impression of potential legal action.").

In *Lesher*, the Third Circuit went on to further clarify in its holding that the decision was based on the language of the disclaimer and that, at some future point, it might decide if there is appropriate *language* that could be included in order to comply with the requirements of the FDCPA:

> We need not decide whether an attorney debt-collector who sends out a collection letter on attorney letterhead might, under appropriate circumstances, comply with the strictures of the Act by including language that makes clear that the attorney was not, at the time of the letter's transmission, acting in any legal capacity. The only question before us today is whether the Kay Law Firm's January 11 and February 15, 2009 letters to Lesher comply with the Act.

*Id.*

The court also stated in *Lesher* that the statement that letter is "from a debt collector" does not add anything to dispel confusion over attorney involvement: "Moreover, as we noted in *Rosenau*, the statement that the letters were 'from a debt collector' is a statutorily required notification that 'should not be viewed as nullifying any implication that the letter is from an attorney.'" *Id.* citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 223 (3d Cir. 2008). The Fifth Circuit has echoed the same idea: "We caution lawyers who send debt collection letters to state clearly, prominently, and conspicuously that although the letter is from a lawyer, the lawyer is acting solely as a debt collector and not in any legal capacity when sending the letter. The disclaimer must explain to even the least sophisticated consumer that lawyers may also be debt collectors and that the lawyer is operating only as a debt collector at that time. Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the "price of poker has gone up." *Gonzalez v. Kay*, 577 F.3d 600, 607 (5th Cir. 2009).

*Lesher* is directly comparable and applicable to the instant action because, in rejecting *Greco* language as being safe harbor language, the court relied heavily on binding Seventh Circuit precedent and reasoning, which holds that if a letter is stated to be from an attorney, in order to avoid an FDCPA violation, an attorney is required to be personally involved in the debtor's file:

> The Seventh Circuit agreed and held that an attorney sending a collection letter must be directly and personally involved in the mailing of the letters in order to comply with the strictures of the FDCPA. The Court explained as follows: . . . A debt collection letter on an attorney's letterhead conveys authority. Consumers are inclined to more quickly react to an attorney's threat than to one coming from a debt collection agency. It is reasonable to believe that a dunning letter from an attorney threatening legal action will be more effective in collecting a debt than a letter from a collection agency. The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action. And the letter also implies that the attorney has some personal involvement in the decision to send the letter. Thus, if a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word "attorney" in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file. Any other result would sanction the wholesale licensing of an attorney's name for commercial purposes, in derogation of professional standards[.]

*Lesher*, 650 F.3d at 1000 citing *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996). See also *Nielsen v. Dickerson*, 307 F.3d 623, 635-38 (7th Cir 2002) (relying on *Avila* to conclude that collection letters from defendant attorney violated § 1692e(3) and (10) because the attorney was not meaningfully involved in the decision to send the letters). Central to the reasoning in *Avila* is the following American Bar Association Opinion which clearly explains why a disclaimer such as the one approved by the *Greco* court is insufficient in the Seventh Circuit:

> [A] lawyer has been given certain privileges by the state. Because of these privileges, letters . . . purporting to be written by attorneys have a greater weight than those written by laymen. But such privileges are strictly personal, granted only to those who are found through personal examination to measure up to the required standards. Public policy therefore requires that whatever correspondence

purports to come from a lawyer in his official capacity must be at least passed upon and approved by him. He cannot delegate this duty of approval to one who has not been given the right to exercise the functions of a lawyer.

*Avila*, 84 F.3d at 229 citing American Bar Association, Formal Opinion 68 (1932).

Thus, in the Seventh Circuit, as the *Lesher* court explained, if a letter is from an attorney, but no attorney is involved in the debtor's file at the time the letter is sent, a *Greco* disclaimer is insufficient to avoid an FDCPA violation. As such, Defendant's letter violated the FDCPA, and Defendant's motion to dismiss must be denied.

### B. The Unsophisticated Consumer Standard

There is no basis to distinguish *Lesher* based on its use of the least sophisticated consumer standard as opposed to the unsophisticated consumer standard because the terminology is a distinction without a difference. The Seventh Circuit, in adopting the unsophisticated consumer standard as opposed to the least sophisticated consumer standard, clearly explained that its choice of terminology was merely a reflection of how the least sophisticated consumer standard is applied by courts in reality, as opposed to a literal reading of the phrase:

> It strikes us virtually impossible to analyze a debt collection letter based on the reasonable interpretations of the least sophisticated consumer. Literally, the least sophisticated consumer is not merely "below average," he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care (or at all), let alone interpret it in a reasonable fashion. Courts which use the "least sophisticated consumer" test, however, routinely blend in the element of reasonableness . . . Thus, we will use the term, "unsophisticated," instead of the phrase, "least sophisticated," to describe the hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading. We reiterate that an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness.

Case 2:17-cv-00568-JPS   Filed 06/16/17   Page 12 of 18   Document 18

*Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) citing *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). In *Gammon*, the Seventh Circuit made clear that the two standards are merely different names for the standard set forth in *Clomon. Id.*

Later Seventh Circuit decisions reaffirm the idea that the term "unsophisticated consumer" is merely terminology adopted by the Seventh Circuit to more accurately reflect how courts apply the "least sophisticated consumer" standard in practice:

> *Gammon* does not significantly change the *substance of* the "least sophisticated consumer" standard as it had been routinely *applied* by courts. Instead, *Gammon* concluded that the term "unsophisticated consumer" is a simpler and less confusing formulation of a standard designed to protect those of below-average sophistication or intelligence. As a result, the court stated "we will use the term, 'unsophisticated,' instead of the phrase, 'least sophisticated,' to describe the hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading." *Gammon*, 27 F.3d at 1257. The new terminology reconciles the former standard's literal meaning with its application. *Id*.

*Avila*, 84 F.3d at 227. Thus, *Lesher* and the reasoning therein are directly applicable to the instant action, and Defendant's motion to dismiss should be denied.

### C. Plaintiff has Properly Alleged Facts Which Constitute a Violation of § 1692e(10) and § 1692f

Under the controlling precedent of the Seventh Circuit, Plaintiff has properly alleged facts which constitute a violation of §1692e(10) and § 1692f. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same …"). This is because "§ 1692e and § 1692f broadly proscribe *types* of conduct (e.g. deceptive or misleading

13

representations, and unfair or unconscionable means, respectively), and their examples of prohibited conduct are non-exhaustive." *Delgado v. Capital Mgmt. Servs. LP*, No. 4:12-cv-4057-SLD-JAG, 2013 U.S. Dist. LEXIS 40796, at *9-10 (C.D. Ill. Mar. 22, 2013) citing *Ruth*, 577 F.3d at 794 n. 2; *Turner*, 330 F.3d at 996. As such, in the Seventh Circuit, "because district judges are not good proxies for the unsophisticated consumer whose interests the FDCPA protects, district courts should be hesitant to dismiss § 1692e and § 1692f claims." *Delgado v. Capital Mgmt. Servs. LP*, No. 4:12-cv-4057-SLD-JAG, 2013 U.S. Dist. LEXIS 40796, at *8 (C.D. Ill. Mar. 22, 2013) citing *McMillan*, 455 F.3d at 759. Defendant has failed to even attempt to explain how the facts alleged by Plaintiff do not support claims under both § 1692e(10) and § 1692f. As such, this Court should not dismiss any of Plaintiff's claims, and certainly not at this stage of litigation. Again, in order to survive a motion to dismiss, the complaint must establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts treat well-pleaded allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but must only exhibit "facial plausibility" by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs are not required to prove their case at the pleading stage. *Brooks*, 578 F.3d at 580-81; *In re: Text Messaging Antitrust Litig.*, 630 F. 3d 622, 629 (7th Cir. 2010). Defendant fundamentally misunderstands the pleading

14

requirements in federal court, which does not require fact pleading but instead requires notice pleading:

> This is true for pleading under Rule 8, which applies to most pleadings and requires only a "short and plain statement of the claim showing that pleader is entitled to relief." Fed. R. Civ. P. 8. Rule 8 requires notice pleading, not fact pleading. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The party defending the adequacy of a complaint may point to facts in a brief or affidavit "in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment." *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). Nothing in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), or *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), changed that rule; those cases simply emphasized that the pleadings must present a plausible claim for relief.

*United States ex rel. Hanna v. City of Chi.*, 834 F.3d 775, 779 (7th Cir. 2016). Thus, Plaintiff has properly met his burden of notice pleading in federal court, and Defendant's motion to dismiss must be denied.

### IV. FURTHERMORE, PLAINTIFF IS ENTITLED TO PRESENT EXTRINSIC EVIDENCE THAT THE LANGUAGE IN ALDRIDGE'S LETTER IS MATERIALLY DECEPTIVE AND CONFUSING AND/OR MISLEADING TO THE UNSOPHISTICATED CONSUMER.

If this Court does not agree that the letter is facially deceptive and confusing as a matter of law, Plaintiff alternatively has the right to present extrinsic evidence to prove the letter is confusing to the unsophisticated consumer. The details are factual matters to be determined in discovery.

On a motion to dismiss, the Court accepts Plaintiff's facts as true, and all reasonable inferences must be drawn in Plaintiff's favor. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012). The Seventh Circuit treats claims that a debt collection letter is false, confusing, or misleading as a question of fact, and encourages plaintiffs to submit a consumer

15

survey or other extrinsic evidence to support their claims. *Evory*, 505 F.3d at 776; *Muha v. Encore Receivable Mgmt.*, 558 F.3d 623, 628 (7th Cir. 2009) (extrinsic evidence in forms other than a survey is permissible). Whether a debt collection letter is materially false, misleading or confusing to the hypothetical "unsophisticated consumer" can only be dismissed at the pleading stage under extreme circumstances. *Evory*, 505 F.3d at 776; *see also McMillan*, 455 F.3d at 759 ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects.").

Generally, all a plaintiff must do to survive a motion to dismiss a complaint alleging an FDCPA violation is to allege that the debt collector's letter is confusing and plead enough factual matters to show that it is plausible that the plaintiff may be entitled to relief. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. 662, 678 (2009); *Brooks*, 578 F.3d at 580-81; *Walker*, 200 F.3d at 501 ("How a particular notice affects its audience is a question of fact, which may be explored by testimony and devices such as consumer surveys."); *Johnson*, 169 F.3d at 1059 ("A contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)."); *see also Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000); *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998).

Plaintiff can submit extrinsic evidence that the unsophisticated consumer would interpret the disputed language in Aldridge's letter after the discovery process. The standard for finding that a debt collection letter complies with the FDCPA as a matter of law at the pleading stage is an extremely heavy burden for a defendant to meet. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006). Only when it is absolutely obvious that language complies

16

with the statute, can a confusion claim be dismissed at the pleading stage. *Evory*, 505 F.3d at 776-777. Aldridge cannot meet that burden.

Aldridge's tactic is about intimidating the consumer. Aldridge's letter creates the false impression that an attorney at Aldridge had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and the letter itself, and the attorney "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letter was mailed to Plaintiff. It is an attempt to receive payment from a debtor, perhaps at the expense of payment to another debt collector that is not using such deceptive tactics. Prevention of unscrupulous debt collection practices such as this one is part of the very purpose of the FDCPA. 15 U.S.C. § 1692(e) (it is part of the purpose of the FDCPA "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged"). As in *Evory*, Plaintiff is entitled to present extrinsic evidence of how the unsophisticated consumer would react to Aldridge's inherently deceptive language. *Evory*, 505 F.3d at 775-76.

In its brief, Aldridge merely states its interpretation of the facts in conclusory fashion. Defendant is not entitled to its view of the facts and the inferences drawn from the pleadings on a motion to dismiss. *Lake*, 585 F.3d at 1060. It would be procedurally improper for the Court to rely upon Aldridge's statement of how the unsophisticated consumer would react to the language in the letter. Plaintiff has not had the opportunity to conduct discovery. Plaintiff will address this question of fact during discovery through extrinsic evidence. In contrast, summary judgment is the "put up or shut up" moment in litigation. *Goodman v. National Sec. Agency, Inc.*, 621 F.3d

17

651, 654 (7th Cir. 2010). On summary judgment, a party is required to present evidence on which a reasonable jury could rely tending to prove their claim. *Id.*

Thus, if this Court does not agree that the letter is deceptive and confusing as matter of law, Plaintiff alternatively is entitled to present extrinsic evidence to prove that the letter is deceptive and confusing to the unsophisticated consumer.

## **CONCLUSION**

For all the foregoing reasons, Defendant's motion to dismiss should be denied.

Respectfully submitted,

Dated: June 16, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000; (414) 482-8001 (fax)
jblythin@ademilaw.com

*Counsel for Plaintiff and the Proposed Class*